1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11  JAMES EDWARD TOPPER,                )      Case No. EDCV 16-1089-PSG (JEM)
                                         )
12                      Plaintiff,       )
                                         )      MEMORANDUM AND ORDER
13          v.                           )      DISMISSING CLAIMS WITH LEAVE TO
                                         )      AMEND
14  DEAN BORDERS, et al.,                )
                                         )
15                      Defendants.      )
    ―――――――――――――――――――――――              )
16

17       James Edward Topper ("Plaintiff"), proceeding pro se and in forma pauperis, has filed

18  a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

19       In accordance with the provisions of the Prison Litigation Reform Act of 1995, the

20  Court must screen the Complaint before ordering service to determine whether the action:

21  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

22  seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §

23  1915A(b); 42 U.S.C. § 1997e(c)(1).  This screening is governed by the following standards:

24       A complaint may be dismissed as a matter of law for failure to state a claim for two

25  reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

26  alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

27  901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

28  which relief may be granted, allegations of material fact are taken as true and construed in

1   the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

2   1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

3   allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of

4   a civil rights complaint may not supply essential elements of the claim that were not initially

5   pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6       Although a complaint "does not need detailed factual allegations" to survive

7   dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

8   recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

9   550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

10  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

11  sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

12  possible or conceivable.  Id. at 557, 570.

13      Simply put, the complaint must contain "enough facts to state a claim to relief that is

14  plausible on its face."  Twombly, 550 U.S. at 570.  A claim has facial plausibility when the

15  complaint presents enough facts "to draw the reasonable inference that the defendant is

16  liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability

17  requirement, but "it asks for more than a sheer possibility that a defendant has acted

18  unlawfully."  Id.   A complaint that pleads facts that are merely consistent with liability stops

19  short of the line between possibility and plausibility.  Id.

20      In a pro se civil rights case, the complaint must be construed liberally to afford

21  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

22  623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured,

23  pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

24  opportunity to amend prior to the dismissal of an action.  Id. at 623.  Only if it is absolutely

25  clear that the deficiencies cannot be cured by amendment should the complaint be

26  dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.

27  2007).

28

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that Plaintiff's claims against Defendant Borders must be **DISMISSED WITH LEAVE TO AMEND.**

### ALLEGATIONS OF COMPLAINT

Plaintiff alleges the following:

Plaintiff is a wheelchair-bound inmate and is housed in the Outpatient Housing Unit ("OHU") in the infirmary at the California Institute for Men in Chino, California ("CIM").  On December 21, 2015, Plaintiff was removed from his cell in the OHU and moved to a medical isolation cell due to a chronic cough.  Plaintiff was to be tested for tuberculosis and kept in a negative pressure cell for six weeks.  During this period, Plaintiff was moved to a non-ADA compliant cell because the ventilation system in his cell was not working properly.  While in the non-ADA compliant cell, Plaintiff was unable to use the toilet or sink.  Accordingly, Plaintiff was forced to urinate into a cup and defecate into a paper bag.  Plaintiff was held in this cell for several days before he was returned to his ADA-compliant cell.  As a result of this improper housing, Plaintiff suffered various medical problems and his pre-existing medical conditions were aggravated.

Plaintiff claims deliberate indifference to his serious medical needs and the ADA.

### DISCUSSION

I.  <u>FAILURE TO STATE A CLAIM AGAINST DEFENDANT BORDERS</u>

To state a claim against a particular individual defendant for violation of his civil rights under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived the plaintiff of a right guaranteed under the Constitution or a federal statute. <u>Karim-Panahi</u>, 839 F.2d at 624.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988), quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

1    Thus, supervisory personnel generally are not liable under § 1983 on any theory of

2   respondeat superior or vicarious liability in the absence of a state law imposing such liability.

3   Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885

4   F.2d 642, 645- 46 (9th Cir. 1989).  A supervisory official may be liable under § 1983 only if

5   the official was personally involved in the constitutional deprivation, or if there was a

6   sufficient causal connection between the supervisor's wrongful conduct and the

7   constitutional violation.  Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also

8   Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).

9   "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training,

10  supervision, or control of subordinates; 2) their acquiescence in the constitutional

11  deprivation of which a complaint is made; or 3) for conduct that showed a reckless or

12  callous indifference to the rights of others."  Edgerly v. City and County of San Francisco,

13  599 F.3d 946, 961 (9th Cir. 2010) (internal quotations and citation omitted).

14    Here, Plaintiff has failed to allege facts showing the liability of Defendant Borders

15  under these standards.  A federal civil rights claim may not be based on a defendant's

16  supervisory position.  Plaintiff merely states that Borders is the Warden of CIM and,

17  therefore, he is responsible for Plaintiff's care.  Plaintiff has not alleged facts indicating that

18  Borders personally engaged in any affirmative act, participated in another's affirmative act,

19  or failed to perform an act that he was legally required to do that caused the deprivations of

20  which Plaintiff complains.

21    Accordingly, Plaintiff's claims against Borders must be dismissed with leave to

22  amend.  If Plaintiff chooses to file an amended complaint, he must allege facts

23  demonstrating a specific and direct connection between the deprivation of Plaintiff's

24  constitutional rights and all of the named defendants including Borders.  The allegations

25  against Borders are insufficient as presently stated.  Alternatively, if Plaintiff cannot allege

26  such facts against Borders, he should file a notice voluntarily dismissing his claims against

27  Borders only.

28

1  Otherwise, Plaintiff's claims against the other Defendants are sufficient for purposes

2  of screening.

3  *************

4  Based on the foregoing, Plaintiff's claims against Defendant Borders are **DISMISSED**

5  **WITH LEAVE TO AMEND**.

6  Plaintiff should choose <u>one</u> of the following two options:

7  1.  If Plaintiff desires to pursue his claims against Borders, he shall file a First

8  Amended Complaint no later than **thirty (30) days** from the date of this Order, which

9  remedies the deficiencies discussed above.  He must also reallege his claims against the

10  other Defendants.

11  If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket

12  number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out

13  exactly in accordance with the directions on the form; and (4) be complete in and of itself

14  without reference to the previous Complaint or any other pleading, attachment or document.

15  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights

16  complaint form, which Plaintiff must fill out completely and resubmit.

17  2.  **Alternatively**, if Plaintiff chooses not to pursue his claims against Borders, he

18  shall file a Notice of Voluntary Dismissal, in which he dismisses his claims against Borders

19  only.  The Notice of Voluntary Dismissal shall be filed as soon as possible, but no later than

20  **thirty (30) days** from the date of this Order.  Plaintiff's case then will proceed on his claims

21  against the other Defendants.

22  **Plaintiff is admonished that, if he fails to file a First Amended Complaint or**

23  **Notice of Voluntary Dismissal by the deadline set herein, the Court may recommend**

24  **that this action be dismissed for failure to prosecute and failure to comply with a**

25  **Court order.**

26

27  DATED: <u>June 13, 2016</u>          <u>          /s/ John E. McDermott          </u>

JOHN E. MCDERMOTT

28  UNITED STATES MAGISTRATE JUDGE